**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>vs.<br><br>ARTHUR HOLLIS,<br><br>    Defendant. | 3:04-cr-140-HRH-JDR<br><br>**ORDER<br>REGARDING *IN CAMERA*<br>REVIEW OF DOCUMENTS<br>CONCERNING SUBPOENA AT<br>DOCKET 266** |

In response to the Court's order dated February 24, 2012, at Docket 266, the United States provided documents referenced in the government's pleading at Docket 263 for an in camera review to determine whether the documents should be disclosed to the defendant as discovery relevant to his motion to vacate brought pursuant to 28 U.S.C. § 2255. The documents are numbered 1 through 49,

A, and B. The documents reviewed were redacted by the DEA to protect proprietary information. The government filed a Supplemental Response (Docket 270) to the Court's Order concerning subpoena at Docket 266. This order addresses the documents for consistency in the same order as page groupings identified in the <u>in camera</u> submission.

Pages 1 through 6 relate to a September 2003 delivery of a FedEx package to the confidential source (Ward) which contained cocaine and for which Ward was prosecuted. Mr. Butler, Hollis trial attorney was aware during the trial of Hollis of this informant's drug case. There is nothing contained in these documents that could have materially enhanced the defense ability to impeach the informant.

The documents at pages 7 through 11, identifying persons the informant believed he could buy drugs from, including Hollis. The documents are not exculpatory.

Document 12 shows an attempted purchase of cocaine on July 30, 2004 from an individual other than Hollis. This document contains no exculpatory information.

Document page 13, provides details about the attempted purchase of cocaine in July 2004 by the informant by an individual other than Hollis. Document page 13 addresses the new federal charges in 2003 referenced above re: pages 1 through 6. These documents do not constitute new exculpatory material.

Documents as pages 14 through 20 involve either attempted cocaine buys without any indication of wrong doing by the informant or show that the informant had a source of drugs other than Hollis at the time. With respect to the latter, the informant was cross-examined on this topic at trial and the documents do not qualify as "Giglio" material that need be produced as discovery.

Documents at pages 21 through 29 address the purchase of cocaine by the informant on September 14, 2004. These documents do not add any new material facts to support the defense argument that the informant was unreliable because he was dealing drugs while cooperating the DEA.

Documents at pages 30 to 32, consist of surveillance and evidence reports on the August 23, 2004 incident between Hollis and the informant that resulted in the Indictment in the underlying case. The government indicates that these reports were turned over to the defense previously.

Pages 33 through 43, address the controlled sale of crack-cocaine by the second informant to Ward on September 27, 2004. The government represents that the second informant was prosecuted for this crime and the facts were disclosed and discussed at trial. As such they need not be produced as discovery at this post-conviction stage of the case. The documents at pages 44 through 49 do not reveal criminal activity by the informant and do not appear to be covered by this court's previous orders in this case. The fact that the informant was able to provide reliable

information about drugs resulting in arrests would corroborate rather than impeach the informant. Hence, no production need be ordered.

Documents A & B relate to a September 1, 2004 Memorandum documenting the August 30 meeting at the U.S. Attorney's office. The government has previously produced these two pages as discovery in the § 2255 proceeding.

For the foregoing reasons the court concludes that the documents reviewed <u>in</u> <u>camera</u> need not be produced to the defense by the government.

DATED this 15th day of March, 2012, at Anchorage, Alaska.

                       /s/ John D. Roberts
                       JOHN D. ROBERTS
                       United States Magistrate Judge